IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 10, 2013 Session

## STATE OF TENNESSEE EX REL. WENDY HARRISON v. DANNY SCOTT

**Appeal from the General Sessions Court for Putnam County**
**No. 143D00      Nolan Goolsby, Judge**

**No. M2012-01913-COA-R3-CV - Filed May 29, 2013**

This appeal arises from a post-divorce petition to modify the father's child support obligation as set in 2000 under a previous version of the child support guidelines. The dispositive issue is whether there is a "Significant Variance" in the father's income as required by Department of Human Services Rule 1240-2-4-.05(2)(b)(1) to allow a modification. The trial court found no significant variance in the father's income; nevertheless, it modified his child support obligation, setting it at the presumptive amount as calculated under the current child support guidelines and using the parties' current income. We have determined the trial court's finding of no significant variance was based upon a mathematical error, and we find there is a significant variance entitling the father to a modification of his child support obligation. Accordingly, we affirm the modification of the father's support but on different grounds than those relied upon by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court
Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, J.J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter, Warren A. Jasper, Senior Counsel, and Randle W. Hill, Nashville, Tennessee, for the appellant, State of Tennessee ex rel. Wendy Harrison.

Cindy H. Morgan, Sparta, Tennessee, for the appellee, Danny Scott.

### OPINION

Danny Scott ("Father") and Wendy Harrison ("Mother") were divorced in November 2000. Pursuant to the Marital Dissolution Agreement, Mother was designated the primary

residential parent of the parties' only child and Father was ordered to pay $512 per month in child support, which was calculated pursuant to the "Flat Percentage" model then in effect.[1]

In 2006, Father filed a Petition to Modify the Parenting Plan. The trial court denied most of Father's requests for relief; Mother remained the primary residential parent and Father's child support obligation remained at $512 per month, but Father was granted an additional week of summer visitation.

In February 2011, the State of Tennessee initiated an administrative review of Father's child support obligation. Father did not respond to the administrative subpoena; therefore, on August 3, 2011, the State filed a Petition for Modification in the Putnam County General Sessions Court on Mother's behalf, requesting that Father be ordered to provide updated financial information. Father, acting pro se, met with the Child Support Enforcement Agency ("CSEA"). During the meeting, the attorney for the CSEA found Father's obligation was not subject to modification at that time, because no "significance variance" existed, a prerequisite for child support modifications under Department of Human Services Child Support Services Division Rule 1240-2-4-.05(2)(a), and Father agreed. On October 26, 2011, the trial court entered an Agreed Order providing that Father's support would remain at $512 per month.

Father subsequently obtained counsel, and on November 14, 2011, he filed a Motion to Alter or Amend or to Set Aside the Agreed Order. In the Motion, Father alleged he was wrongly advised by the CSEA that he was not entitled to a modification and that he "felt forced to sign" the October 26, 2011 Agreed Order. In particular, Father alleged the CSEA attorney "failed to properly calculate" Father's current income and "failed to properly identify" Father's income from 2000, when the MDA was entered setting child support at $512 per month. Father argued his gross income from 2000 to 2011 had changed by more than 15%, and that this change in income constitutes a "significant variance" pursuant to Rule 1240-2-4-.05(2)(b)(1). Because there was a significant variance, Father argued, he was entitled to a modification.

In response, Mother asserted Father's gross income had not changed more than 15%. She asserted his income was $38,000 per year at the time of the divorce as reflected in the MDA, and that when the October 26, 2011 Agreed Order was entered, Father's income was

---

[1]The Flat Percentage model was established in 1989, and "calculated the amount of the child support award based upon the net income of the non-custodial or alternate residential parent and which assumed an equivalent amount of financial or in-kind support was being supplied to the child by the custodial or primary residential parent." Tenn. Comp. R. & Regs. 1240-2-4-.03(1)(b) (2005). The "Income Shares" model for calculating a parent's child support obligation was introduced in 2005, and "presumes that both parents contribute to the financial support of the child in pro rata proportion to the actual income available to each parent." *Id.* at -.03(1)(a) (2005).

$39,777.46, a difference of $1,777.77, or a variance of approximately five percent (5%). Thus, she asserted, Father's child support obligation was not subject to modification and should remain at $512 per month.

The trial court heard arguments on February 22, 2012, after which the court agreed Father's income had not changed by more than 15%, and thus no significant variance existed to permit a modification under the applicable regulations. Nevertheless, the trial court set aside the 2011 Agreed Order, finding Father's child support obligation should be re-calculated using the income shares guidelines because the former flat percentage model "does not recognize Father's substantial parenting time with the child nor his health insurance expenses." The trial court then set Father's child support obligation at $346 per month, the presumptive child support obligation ("PCSO") from the Child Support Worksheet provided by the parties at the hearing, which was calculated using the income shares guidelines. The court characterized the reduction (from $512 to $346 per month) as a "deviation" from the child support guidelines, and stated, "[t]he basis for this deviation is that the Father now has additional parenting time with the minor child since the Final Decree was entered, . . . and it would be unjust and inappropriate not to recognize said increase and adjust his child support accordingly." The Order was entered March 19, 2012.

The State then filed on behalf of Mother a Motion to Alter or Amend, asserting the deviation was improper because Father's parenting time had not increased since the 2000 divorce decree was entered, there was no significant variance in Father's income, and because the trial court made no findings that the deviation was in the child's best interest.

Following a hearing on the State's Motion on June 4, 2012, the trial court again reduced Father's child support obligation, this time to $279 per month, for the following stated reasons. First, the trial court determined the State was correct in asserting Father's visitation had not significantly changed since the entry of the divorce decree, but had always been approximately 140 days per year; however, the court reasoned that Father's previous failure to seek credit for his "substantial parenting time" did not extinguish Father's current right to seek the credit. Second, during the June 4, 2012 hearing, the parties stipulated that the worksheet they submitted at the February 22, 2012 hearing was completed incorrectly, and as a result, the PCSO resulting from the worksheet – $346 – was erroneous. Specifically, on the previous worksheet, the parties had listed Father's gross income as about $600 per month more than Father actually earned.[2] The parties submitted a new worksheet using Father's correct income of $3,906 per month, which, under the current income shares guidelines, yielded a PCSO of $279 per month. Finally, the trial court again found there was no "significant variance" to justify a modification, but concluded that requiring Father to pay

---

[2]The parties erroneously included Father's reimbursed work travel expenses as income.

more than the PCSO under the income shares model was not in the child's best interest because it would "lessen the amount [Father] would have available to provide for the child when the child is residing with him." Thus, the trial court set Father's child support obligation at $279 per month effective February 1, 2012. The State appealed on behalf of Mother.

## ANALYSIS

Modification of child support is governed by Tennessee Code Annotated § 36-5-101(g), which provides: "Upon application of either party, the court shall decree an increase or decrease of support when there is found to be a significant variance, as defined in the child support guidelines established by subsection (e), between the guidelines and the amount of support currently ordered . . . ." When considering a petition to modify child support, the trial court first must determine whether there is a significant variance between the obligor's current obligation and that set by the guidelines. *See id.*; *see also Kaplan v. Bugalla*, 188 S.W.3d 632, 636 (Tenn. 2006).

The trial court's discretion in child support determinations is bounded on all sides by the child support guidelines. *Smith v. Darmohray*, No. M2003-00236-COA-R3-JV, 2004 WL 904095, at *4 (Tenn. Ct. App. Apr. 27, 2004) (citing *Butler v. Butler*, 680 S.W.2d 467 (Tenn. Ct. App. 1984)). We review the record de novo with a presumption that the court's factual findings are correct, absent a showing that the evidence preponderates to the contrary. Tenn. R. App. P. 13(d); *see also Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000).

In pertinent part, Tennessee Department of Human Services Child Support Services Division Rule 1240-2-4-.05 states:

(1) Beginning on the effective date of these rules [January 18, 2005], all modifications shall be calculated under the Income Shares Guidelines, whether the action was pending before the effective date or filed after the effective date, where a hearing which results in an order modifying support is held after the effective date of these rules.

(2) Significant Variance Required for Modification of Order.

(a) Unless a significant variance exists, as defined in this section, a child support order is not eligible for modification; provided, however, the necessity of providing for the child's health care needs shall be a basis for modification regardless of whether a modification in the amount of child support is

warranted by other criteria.

(b) For all orders that were established or modified before January 18, 2005, under the flat percentage guidelines, and are being modified under the income shares provisions for the first time, a significant variance is defined as:

> 1. *At least a fifteen percent (15%) change in the gross income of the ARP*; and/or
> 2. A change in the number of children for whom the ARP is legally responsible and actually supporting; and/or
> 3. A child supported by this order becoming disabled; and/or
> 4. The parties voluntarily entering into an agreed order to modify support in compliance with these Rules, and submitting completed worksheets with the agreed order; and
> 5. At least a fifteen percent (15%) change between the amount of the current support order and the proposed amount of the obligor parent's pro rata share of the BCSO if the current support is one hundred dollars ($100) or greater per month and at least fifteen dollars ($15) if the current support is less than one hundred dollars ($100) per month; or
> 6. At least a seven and one-half percent (7.5% or 0.075) change between the amount of the current support order and the amount of the obligor parent's pro rata share of the BCSO if the tribunal determines that the Adjusted Gross Income of the parent seeking modification qualifies that parent as a low-income provider.

(Emphasis added).[3]

---

[3] A different standard applies for all child support orders that were established or modified on or after January 18, 2005, under the income shares guidelines. *See* Tenn. Comp. R. & Regs. 1240-2-4-.05(2)(c). In those cases a significant variance is defined as:

(continued...)

The child support order to be modified here was established before January 18, 2005, under the flat percentage model, and it is being modified under the income shares provisions for the first time. The basis for the modification is a change in Father's income. Therefore, the definition of a significant variance that applies to this case is found in subsection (2)(b)(1) of Rule 1240-2-4-.05. Pursuant to this regulation, a significant variance is defined as "at least a fifteen percent (15%) change in the gross income of the [alternate residential parent]." Tenn. Comp. R. & Regs. 1240-2-4-.05(2)(b)(1). Father is the alternate residential parent and his child support obligation was established in the 2000 Marital Dissolution Agreement. Father's gross annual salary in 2000 was $38,000. When the petition to modify at issue in this appeal came on for hearing in 2012, the parties stipulated in the child support worksheet that Father's current gross monthly income is $3,906.05, which represents a gross annual salary of $46,872.60. The variance between $38,000 and $46,872.60 is approximately 23%. Thus, a significant variance, as defined by Rule 1240-2-4-.05(2)(b)(1), exists. Because a significant variance has been established, Father's child support obligation, as established in the 2000 Marital Dissolution Agreement, may be modified and set pursuant to the current income shares guidelines. *See* Tenn. Code Ann. § 36-5-101(g); *see also* Tenn. Comp. R. & Regs. 1240-2-4-.05(2)(a).

The trial court's finding that there was not a significant variance in Father's income was based on a mathematical error and we have determined that a significant variance exists. Accordingly, modification of Father's child support obligation is appropriate. The trial court applied Father's correct current income in determining that the PCSO was $279 per month. Thus, we affirm the modification of Father's child support obligation but on different grounds than those relied on by the trial court. *See Paczko v. Suntrust Mortgs., Inc.*, No. M2011-02528-COA-R3-CV, 2012 WL 4450896, at *3, n.3 (Tenn. Ct. App. Sept. 25, 2012) (quoting *City of Brentwood v. Metro. Bd. of Zoning Appeals*, 149 S.W.3d 49, 60 n.18 (Tenn. Ct. App. 2004) ("The Court of Appeals may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result.")).

For the above reasons, we affirm the modification of Father's child support obligation to $279 per month.

---

[3](...continued)
at least a fifteen percent (15%) change between the amount of the current support order (not including any deviation amount) and the amount of the proposed presumptive support order or, if the tribunal determines that the Adjusted Gross Income of the parent seeking modification qualifies that parent as a low-income provider, at least a seven and one-half percent (7.5% or 0.075) change between the amount of the current support order (not including any deviation amount) and the amount of the proposed presumptive support order.

Tenn. Comp. R. & Regs. 1240-2-4-.05(2)(c).

## IN CONCLUSION

The judgment of the trial court is affirmed and this matter is remanded with costs of appeal assessed against the Appellant.

_____
FRANK G. CLEMENT, JR., JUDGE